UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EVANSTON INSURANCE COMPANY                  Case No.:

                    Plaintiff,

vs.

AB KNIGHT CONSTRUCTION, LLC;
BUSINESS PARK ON THE PALMETTO
CONDOMINIUM ASSOCIATION, INC., a
Florida not for profit corporation; TD MIAMI
GARDENS, LLC; MAX SERVICES PAINTING
& STUCCO, INC.,

                    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

EVANSTON INSURANCE COMPANY ("EVANSTON"), by and through its

undersigned counsel, hereby files its COMPLAINT FOR DECLARATORY RELIEF against

AB KNIGHT CONSTRUCTION, LLC ("AB KNIGHT"), BUSINESS PARK ON THE

PALMETTO CONDOMINIUM ASSOCIATION ("ASSOCIATION"), TD MIAMI GARDENS,

LLC ("TD MIAMI GARDENS") and MAX SERVICES PAINTING & STUCCO, INC. ("MAX

SERVICES"). As grounds therefor, EVANSTON alleges as follows:

### Jurisdiction and parties

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2.      Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because there

is complete diversity of citizenship and the amount in controversy exceeds $75,000.00,

exclusive of all fees and costs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because one or

more defendants are residents of this district, the events and omissions giving rise to this claim occurred in this district and the property which is the subject of this action is located in this district.

4.     At all times material to this action, EVANSTON was a foreign eligible surplus lines insurer authorized to sell insurance in Florida with its principal place of business in Deerfield, Illinois.

5.     At all times material to this action, AB KNIGHT was a limited liability company licensed to do business and doing business with its principal place of business in Miami-Dade County, Florida.

6.     At all times material to this action, the ASSOCIATION was a Florida not-for-profit corporation located in and doing business in Miami-Dade County, Florida.

7.     At all times material to this action, TD MIAMI GARDENS was a limited liability company with its principal place of business in Miami-Dade County, Florida.

8.     At all times material to this action, MAX SERVICES was a Florida corporation licensed to do business and doing business in Miami-Dade County, Florida.

## **General Allegations**

9.     EVANSTON issued commercial general liability policy # CL090100626 to AB KNIGHT which was in effect between September 9, 2005 and September 9, 2006. EVANSTON subsequently issued commercial general liability policy # CL090100937 which was in effect between September 9, 2006 and September 9, 2007 (collectively referred to as "EVANSTON POLICIES"). Evanston policy # CL090100626 is attached hereto as Exhibit "A" and Evanston policy # CL090100937 is attached hereto as Exhibit "B".

10.     As the developer, TD MIAMI GARDENS converted a building located at

2

16600 NW 54th Avenue, Miami, Florida 33014, to a condominium known as the Business Park on the Palmetto Condominium (the "PROJECT").

      11.    TD MIAMI GARDENS contracted with AB KNIGHT as the general contractor to actually construct the PROJECT.

      12.    AB KNIGHT in turn subcontracted the stucco work on the PROJECT to MAX SERVICES.

      13.    Subsequently, TD MIAMI GARDENS turned over control of the PROJECT to the ASSOCIATION.

      14.    Upon information and belief, the PROJECT exceeds six units.

      15.    After the ASSOCIATION took control of the PROJECT and units were sold and occupied by the ASSOCIATION's unit owners, certain deficiencies were observed.

      16.    As a result of the observed defects and deficiencies, the ASSOCIATION filed suit in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 09-21364-CA-04, styled *Business Park on the Palmetto Condominium Association, Inc., a Florida not for profit corporation, Plaintiff vs. TD Miami Gardens, LLC, AB Knight Construction, LLC, and Max Services Painting & Stucco, Inc., Defendants.* A copy of the Second Amended Complaint and Demand for Jury Trial in the underlying action is attached hereto as Exhibit "C".

      17.    In the Second Amended Complaint, the ASSOCIATION alleges that the causes of action concern matters of common interest to the ASSOCIATION and unit owners which include, but are not limited to: (1) the roof and structural components of the condominium building and its improvements; and (2) construction of an illegal parking lot. *See Exhibit C* at ¶ 17.

18.     The ASSOCIATION alleges that AB KNIGHT, in inspecting, designing, constructing and delivering the condominium building "failed to comply with all applicable local, state and national building codes and regulations, including but not limited to The Florida Building Code, in contravention of the State Minimum Building Codes Act." *See Exhibit C* at ¶ 38.

19.     The ASSOCIATION also alleges that AB KNIGHT breached its implied warranty because the "stucco structural component of the ASSOCIATION's buildings were neither fit nor merchantable for the use intended as a result of the defective stucco on the exterior walls and the parking area on the north side of the North Building" was built in violation of the applicable building and zoning codes. *See Exhibit C* at ¶ 55.

20.     Based upon these claims, the ASSOCIATION seeks damages including, but not limited to the costs incurred to repair and replace property located on the common elements and the individual units of the building; costs that will be incurred to construct, repair and replace property on the common elements and the individual units of the building; and costs incurred and that will be incurred to construct, repair and replace other property located at the building. *See Exhibit C* at ¶¶ 41-44, 56.

## Insurance Coverage Controversy

21.     EVANSTON has disclaimed coverage to AB KNIGHT under Evanston Policy # CL090100626 in the ASSOCIATION's lawsuit. A copy of the coverage disclaimer letter with respect to the Second Amended Complaint is attached hereto as Exhibit "D".

22.     EVANSTON has undertaken the defense of AB KNIGHT under a complete reservation of rights under Evanston Policy # CL090100937 in the ASSOCIATION's

4

lawsuit. A copy of the letter reserving EVANSTON's rights with respect to the Second

Amended Complaint is attached hereto as Exhibit "E".

23.　EVANSTON has no duty to defend or indemnify AB KNIGHT under the

EVANSTON POLICIES for the claims against AB KNIGHT pursuant to the terms and

conditions of the EVANSTON POLICIES.

24.　The EVANSTON POLICIES contain the following pertinent terms, conditions

and exclusions which state in part:

### SECTION I - COVERAGES
### COVERAGE A. BODILY INJURY & PROPERTY DAMAGE LIABILITY

1.　Insuring Agreement.

　　a.　We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

　　　　(1)　The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

　　　　(2)　Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

　　　　No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage A and B.

　　b.　This insurance applies to "bodily injury" and "property damage" only if:

　　　　(1)　The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

　　　　(2)　The "bodily injury" or "property damage" occurs during the policy period.

　　c.　Damages because of "bodily injury" include damages claimed by any person or organization for case, loss of services or death resulting at any time from

5

the "bodily injury".

\* \* \*

2.    Exclusions.

This insurance does not apply to:

**j.    Damage to Property (as amended by the Contractor Limitation Endorsement in both EVANSTON POLICIES)**

"Property damage" to:

(1)    Property you own, rent or occupy;

(2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3)    Property loaned to you;

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

**k.    Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.    Damage to Your Work (as amended by the Contractor Limitation Endorsement in both EVANSTON POLICIES)**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

**m.    Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

\* \* \*

**n.    Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement,

adjustment, removal or disposal of:

    (1)    "Your product";

    (2)    "Your work"; or

    (3)    "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

* * *

## SECTION V - DEFINITIONS

* * *

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

    **a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    **b.**    Your fulfilling the terms of the contract or agreement.

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

16.    "Products-completed operations hazard":

    **a.**    Includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

7

           **(c)**      When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.**      Does not include "bodily injury" or "property damage" arising out of:

        **(1)**      The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured ;

        **(2)**      The existence of tools, uninstalled equipment or abandoned or unused materials; or

        **(3)**      Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17.**    "Property damage" means:

    **a.**      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

          * * *

**20.**    "Your product" means:

    **a.**      Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(1)**      You;

        **(2)**      Others trading under your name; or

        **(3)**      a person or organization whose business or assets you have acquired; and

    **b.**      Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    "Your product" includes:

    **a.**      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

     **b.**    The providing of or failure to provide warnings or instructions.

     "Your product" does not include vending machines or other property rented to or located for the use of others, but not sold.

**21.**    "Your work" means:

     **a.**    Work or operations performed by you or on your behalf; and

     **b.**    Materials, parts or equipment furnished in connection with such work or operations.

     "Your work" includes:

     **a.**    Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your work"; and

     **b.**    The providing of or failure to provide warnings or instructions.

\* \* \*

## COMBINATION GENERAL ENDORSEMENT

\* \* \*

8.    If you are a contractor, builder, or developer, there is no coverage under this policy for:

     (A)    "bodily injury," "personal and advertising injury," or "property damage" arising out of acts of independent contractors/subcontractors contracted by you or on your behalf unless you obtain Certificates of Insurance from them providing evidence of at least like coverage and limits of liability as provided by this policy and naming you as an additional insured.

\* \* \*

10.    This policy does not apply to any liability for "bodily injury," "personal and advertising injury," or "property damage," or to any other injury, loss, or damage directly or indirectly arising out of, caused by, resulting from, contributed to or aggravated by any "movement of land or earth" regardless of whether the foregoing emanates from, or is attributable to, any operations performed by or on behalf of any insured.  The foregoing applies regardless of whether the first manifestation of same occurs during the policy period or prior or subsequent thereto.  "Movement of land or earth" includes, but is not limited to the subsidence, settling, sinking, slipping, falling away, shifting, eroding, rising, tilting, bulging, cracking, shrinking or expansion of foundations, walls, roofs, floors, ceilings, or any other real property or part thereof.

14.    Where there is no coverage under this policy, there is no duty to defend.

\* \* \*

## CONTRACTOR LIMITATION ENDORSEMENT

I.    The coverage under this policy does not apply to "bodily injury," or "property damage":   –

     1.    which first occurred, began to occur, or is alleged to have occurred prior to the inception date of this policy; or

2.     which is alleged to be in the process of occurring or occurring to any degree, as of the inception date of this policy;

3.     arising out of or in any way related to any apartment, condominium, townhome, planned unit development, single-family or tract homes;*

* The CL090100937 Policy states "arising out of or in any way related to any apartment, condominium, townhome, planned unit development, single-family or tract homes where the total project or development exceeds 6 homes and/or units;"

* * *

II.     The Commercial General Liability Coverage Form is amended as follows:

The **last** paragraph of **Exclusions**:

1.     J.     **Damage to Property**, and

2.     L.     **Damage to Your Work**

are deleted in their entirety.

## **Specific Claims of Policy Defenses**

### **Claim 1**

25.     The EVANSTON POLICIES provide that EVANSTON "will pay those sums that the Insured becomes legally obligated to pay as damages because of . . . 'property damage' . . . only if [the] 'property damage' is caused by an 'occurrence' . . . during the policy period."

26.     Some or all of the damages claimed by the ASSOCIATION are not "property damage" and are not the result of an "occurrence".

### **Claim 2**

27.     No "property damage" occurred during the period of time in which the EVANSTON POLICIES were in effect.

### **Claim 3**

28.     Any "property damage" occurred prior to or after the inception date of the

10

EVANSTON POLICIES.

### Claim 4

29.    Some or all of the damages being sought by the ASSOCIATION are to property upon which AB KNIGHT was performing operations and/or are damages to restore, repair or replace property because AB KNIGHT's work was incorrectly performed and are excluded from coverage pursuant to Exclusion 2.j., reproduced above.

### Claim 5

30.    Some or all of the damages being claimed by the ASSOCIATION are damages to AB KNIGHT's work. Such damages are excluded from coverage pursuant to Exclusion 2.l., reproduced above.

### Claim 6

31.    Some or all of the damages being claimed by the ASSOCIATION were damages to "impaired property" or property not physically injured. Such damages are excluded from coverage pursuant to Exclusion 2.m., reproduced above.

### Claim 7

32.    Some or all of the damages being claimed by the ASSOCIATION were damages for property that suffered loss of use, recall, inspection, replacement, adjustment, removal or disposal. Such damages are excluded from coverage pursuant to Exclusion 2.n., reproduced above.

### Claim 8

33.    Evanston Policy # CL090100626 does not provide coverage for claims of "property damage" arising out of or in any way related to any condominium. The

11

ASSOCIATION alleges "property damage" arising out of the construction and/or conversion of a condominium. Accordingly, any and all damages alleged by the ASSOCIATION are excluded under Evanston Policy # CL090100626.

### Claim 9

34.     Evanston Policy # CL090100937 does not provide coverage for claims of "property damage" arising out of or in any way related to any condominium where the total project or development exceeds six homes and/or units. The ASSOCIATION alleges "property damage" arising out of the construction and/or conversion of a condominium where the condominium exceeds six units. Accordingly, any and all damages alleged by the ASSOCIATION are excluded under Evanston Policy # CL090100626.

### Claim 10

35.     AB KNIGHT does not have coverage for some or all of the ASSOCIATION's claims because it failed to obtain certificates of insurance from some or all of its subcontractors as provided for in the EVANSTON POLICIES.

### Claim 11

36.     No coverage is provided for some or all of the damages claimed by the ASSOCIATION because the damages first occurred, began to occur or were in the process of occurring prior to the inception of the EVANSTON POLICIES.

### Claim 12

37.     Where there is no coverage under the EVANSTON POLICIES, there is no duty to defend under the EVANSTON POLICIES.

12

38.    There exists a bona fide actual present and practical need for the declaration of coverage available under the EVANSTON POLICIES issued to AB KNIGHT and the rights and obligations of EVANSTON pursuant thereto.

39.    There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of EVANSTON under the EVANSTON POLICIES.

40.    The rights of EVANSTON under the EVANSTON POLICIES are dependent upon the facts and the law applicable to the facts affecting coverage under the EVANSTON POLICIES.

41.    Plaintiff EVANSTON and Defendants AB KNIGHT, ASSOCIATION, TD MIAMI GARDENS and MAX SERVICES have an actual, present, adverse and antagonistic interest in the subject matter described herein.

42.    All proper and present antagonistic or adverse interests are before the Court by proper process.

43.    All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred or have been waived.

**WHEREFORE**, EVANSTON demands entry of Judgment in its favor, declaring and adjudicating that EVANSTON has no duty to defend or indemnify AB KNIGHT from any claims arising out of the construction and/or conversion of the PROJECT and that EVANSTON is entitled to reimbursement of any attorney's fees and costs incurred in defending AB KNIGHT against the underlying action. Further, EVANSTON demands judgment for its costs and for such further relief as the Court may deem just and proper.

13

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

REBECCA C. APPELBAUM, ESQ.
Florida Bar No.: 179043
R. STEVEN RAWLS, ESQ.
Florida Bar No.: 0938254
One Harbour Place, Suite 500
777 S. Harbour Island Boulevard
Tampa, FL 33602
Tel: (813) 281-1900
Fax: (813) 281-0900
rappelbaum@butlerpappas.com
rrawls@butlerpappas.com
Counsel for Evanston Insurance Company