UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EVANSTON INSURANCE COMPANY           Case No.: 1:10-cv-22388-CMA

        Plaintiff,

vs.

AB KNIGHT CONSTRUCTION, LLC;
BUSINESS PARK ON THE PALMETTO
CONDOMINIUM ASSOCIATION, INC., a
Florida not for profit corporation; TD MIAMI
GARDENS, LLC; MAX SERVICES PAINTING
& STUCCO, INC.,

        Defendants.
_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Evanston Insurance Company ("EVANSTON"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and Southern District Local Rules 7.1 and 7.5 hereby submits this Statement of Material Facts in Support of Evanston's Motion for Summary Judgment.

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to determine whether the insurance policies issued by EVANSTON to AB KNIGHT CONSTRUCTION, LLC ("AB KNIGHT") requires that EVANSTON defend and indemnify AB KNIGHT in the lawsuit filed against AB KNIGHT by the BUSINESS PARK ON THE PALMETTO CONDOMINIUM ASSOCIATION, INC. (the "ASSOCIATION"). *See Complaint for Declaratory Judgment* (Docket Entry ("DE") 1).

2. As the developer, TD MIAMI GARDENS, LLC ("TD MIAMI GARDENS") "converted a building located at 16600 NW 54th Avenue, Miami, Florida 33014, to a condominium" known as the Business Park on the Palmetto Condominium (the "PROJECT"). *See Association's Second Amended Complaint and Demand for Jury Trial with Exhibits attached to Complaint for Declaratory Judgment as Exhibit "C" (DE 1) ("Association Complaint")*, at ¶ 7.

3. As the developer, TD MIAMI GARDENS "was responsible for constructing said condominium within the standards of good workmanship, free of structural defects and had the duty of complying with the architectural plans/drawings, specifications and all applicable building and zoning codes." *See Association Complaint* at ¶ 9.

4. "In constructing the condominium, (TD MIAMI GARDENS) contracted with (AB KNIGHT) as a General Contractor who was responsible to actually construct the said condominium." *See Association Complaint* at ¶ 10.

5. "[T]he PROJECT exceeds six units." *See Complaint for Declaratory Judgment* (DE 1), at ¶ 14 and *Defendant AB KNIGHT's Answer* (DE 38), at ¶ 14.

6. AB KNIGHT "in turn, subcontracted the stucco work" on the PROJECT to MAX SERVICES PAINTING & STUCCO, INC. ("MAX SERVICES"). *See Association Complaint* at ¶ 11.

7. Subsequently, TD MIAMI GARDENS turned over control of the PROJECT to the ASSOCIATION. *See Association Complaint* at ¶ 12.

8.	After the ASSOCIATION took control of the PROJECT and units were sold and occupied by the ASSOCIATION's unit owners, certain deficiencies were observed. *See Association Complaint* at ¶ 13.

9.	As a result of the observed defects and deficiencies, the ASSOCIATION filed suit in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 09-21364-CA-04, styled *Business Park on the Palmetto Condominium Association, Inc., a Florida not for profit corporation, Plaintiff vs. TD Miami Gardens, LLC, AB Knight Construction, LLC, and Max Services Painting & Stucco, Inc., Defendants* ("underlying action"). *See Association's Second Amended Complaint and Demand for Jury Trial with Exhibits attached to Complaint for Declaratory Judgment* (DE 1) as Exhibit "C."

10.	In the underlying action, the ASSOCIATION alleges that the causes of action concern matters of common interest to the ASSOCIATION and unit owners which include, but are not limited to: (1) the roof and structural components of the condominium building and its improvements; and (2) construction of an illegal parking lot.  *See Association Complaint* at ¶ 17 and *Defendant AB Knight's Answer* (DE 38), at ¶ 17.

11.	In the underlying action, the ASSOCIATION also alleges that the defects and deficiencies in the condominium building were "caused by faulty workmanship or defective work performed in whole or in part by the contractor, its subcontractors, and/or subcontractors that has caused damage to other property located within, on and/or about Association including physical injury to tangible property and/or resulting loss of value of that property." *See Association Complaint* at ¶ 22.

12. The Association Complaint alleges that AB KNIGHT, in inspecting, designing, constructing and delivering the condominium building "failed to comply with all applicable local, state and national building codes and regulations, including but not limited to the Florida Building Code, in contravention of the State Minimum Building Codes Act." *See Association Complaint* at ¶ 38 and *Defendant AB Knight's Answer* (DE 38), at ¶ 18.

13. The Association Complaint further alleges that AB KNIGHT breached its implied warranty because the "stucco structural component of the ASSOCIATION's buildings were neither fit nor merchantable for the use intended as a result of the defective stucco on the exterior walls and the parking area on the north side of the North Building" was built in violation of the applicable building and zoning codes. *See Association Complaint* at ¶ 55 and *Defendant AB Knight's Answer* (DE 38), at ¶ 19.

14. Based upon these claims, the ASSOCIATION seeks damages including, but not limited to the costs incurred to repair and replace property located on the common elements and the individual units of the building; costs that will be incurred to construct, repair and replace property on the common elements and the individual units of the building; and costs incurred and that will be incurred to construct, repair and replace other property located at the building. *See Association Complaint* at ¶¶ 41-44, 56 and *Defendant AB Knight's Answer* (DE 38), at ¶ 20.

15. EVANSTON issued commercial general liability policy # CL090100626 to AB KNIGHT which was in effect between September 9, 2005 and September 9, 2006. *See Exhibit "A" to* (DE 1).

16. EVANSTON subsequently issued commercial general liability policy # CL090100937 to AB KNIGHT which was in effect between September 9, 2006 and September 9, 2007. *See Exhibit "B" to* (DE 1)*.*

17. Evanston Policy # CL090100626 and Evanston Policy # CL090100937 are collectively referred to as "EVANSTON POLICIES."

18. The EVANSTON POLICIES define "property damage" as follows:

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*See Exhibits "A" and "B" to* (DE 1)*.*

19. Evanston Policy # CL090100626 contains a Contractor Limitation Endorsement, which states that coverage under the policy does not apply to "property damage" "arising out of or in any way related to any apartment, condominium, townhome, planned unit development, single-family or tract homes." *See Exhibit "A" to* (DE 1)*.*

20. Evanston Policy # CL090100937 contains a Contractor Limitation Endorsement, which states that coverage under the policy does not apply to "property damage" "arising out of or in any way related to any apartment, condominium, townhome, planned unit development, single-family or tract homes where the total project or development exceeds 6 homes and/or units." *See Exhibit "B" to* (DE 1)*.*

21. EVANSTON has disclaimed coverage to AB KNIGHT under Evanston Policy # CL090100626 in the ASSOCIATION's lawsuit. *See Exhibit "D" to* (DE 1).

22.	EVANSTON has undertaken the defense of AB KNIGHT under a complete reservation of rights under Evanston Policy # CL090100937 in the ASSOCIATION's lawsuit.  *See Exhibit "E" to* (DE 1).

23.	EVANSTON's reservation of rights included the right to seek reimbursement of defense costs incurred in defending a claim for which it has no obligation under Evanston Policy # CL090100937.  *See Exhibit "E" to* (DE 1).

24.	Because AB KNIGHT is unable to establish a *prima facie* case for coverage under the EVANSTON POLICIES, EVANSTON is entitled to summary judgment as a matter of law that EVANSTON has no duty to defend or indemnify AB KNIGHT in the underlying action.

>	Respectfully submitted,
>
>	BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
>
>	s/ Rebecca C. Appelbaum
>	REBECCA C. APPELBAUM, ESQ.
>	Florida Bar No.:  0179043
>	R. STEVEN RAWLS, ESQ.
>	Florida Bar No.: 0938254
>	777 S. Harbour Island Boulevard, Suite 500
>	Tampa, Florida  33602
>	Telephone:   (813) 281-1900
>	Facsimile:     (813) 281-0900
>	rappelbaum@butlerpappas.com
>	rrawls@butlerpappas.com
>	Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Statement of Material Facts in Support of its Motion for Summary Judgment was filed with the CM/ECF system on January 5, 2011, which will automatically send electronic copies to the following:

Mariano R. Gonzalez, Esq.
Law Offices of Gonzalez & Associates, P.A.
3600 Red Road, Suite 603
Miramar, FL  33025
Attorneys for Defendant Max Services Painting & Stucco, Inc.

Joel D. Lucoff, Esq.
Pollack & Rosen, P.A.
800 Douglas Road
North Tower, Suite 450
Coral Gables, FL  33134
Attorneys for Defendant AB Knight Construction, LLC

Anthony Dieguez, Esquire
Anthony Dieguez, P.A.
7950 NW 155 Street, Suite 207
Miami Lakes, FL 33016
Attorneys for Business Park on the Palmetto Condominium Association, Inc.

s/ Rebecca C. Appelbaum
REBECCA C. APPELBAUM, ESQ.